SH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Sterling Mason, | No. CV 19-04987-PHX-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Nathan Sterling Mason, who is currently confined in the Arizona State Prison Complex (ASPC)-Lewis in Buckeye, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 19.) Before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 4.)[1]

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims: (1) an Eighth Amendment medical care claim against former Arizona Department of Corrections (ADC) Director Charles Ryan in his individual capacity in Count One; (2) an Eighth Amendment official capacity claim in Count One against current ADC Director David Shinn; (3) an Eighth Amendment medical care claim in Count Four against Nurse Practitioner Ende in his individual capacity; (4) First Amendment retaliation claims against Special Security Unit Officer Taylor, Lieutenant Randall Lowe, Corrections

---

[1] The Court will address the remaining pending motions (Docs. 34, 35, 38, 54) in a separate Order.

Officer (CO) III Jaymond Williams, Deputy Warden Ronald Abbl, CO II Evans, CO II Kila, and CO II Vargas; and (5) a First Amendment retaliation claim and an Eighth Amendment excessive force claim against CO II Hernandez in Count Three. (Doc. 28.) The Court ordered these Defendants to answer the respective claims against them and dismissed the remaining claims and Defendants. (*Id.*)

**II.    Legal Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law

clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

### III. Relevant Facts

#### A. Plaintiff's Allegations

In his Motion for Preliminary Injunction, Plaintiff states that "he has suffered chronic pain since 12/2015" and that he "is only provided ibuprofen 600 mg, 3x daily, and has not even rec[ei]ved that for over a month[.]" (Doc. 4 at 1.) Plaintiff states that he had an MRI on December 16, 2016 and saw a pain management specialist on March 28, 2017, and he was "diagnosed with severe bulging/herniated cervical disc's [sic], degenerative disc disease, severe spinal stenosis, radiculopathy, and other serious spine conditions." (*Id.* at 2.) Plaintiff asserts that on October 31, 2018, he had spine surgery, but he is still currently experiencing excruciating, chronic pain in his upper back, left shoulder, and neck. (*Id.*)

#### B. Plaintiff's Medical Records

In opposition to Plaintiff's Motion for Preliminary Injunction, Defendant Shinn presented the following evidence of Plaintiff's medical treatment. On December 2, 2019, Plaintiff was seen by Nurse Practitioner (NP) Cassidy Morales for complaints of chronic neck and back pain. (Doc. 66-1 at 46.) Plaintiff reported that he had cervical surgery in 2018 and "that since the surgery he has continued to have pain" that "is increasing in severity and radiating to his upper back and both of his arms." (*Id.*) Plaintiff stated that Keppra did not help his pain and, he requested to be prescribed Tramadol instead. (*Id.*) Plaintiff was prescribed Tramadol. (*Id.*) NP Morales noted that most recent x-rays

indicated that Plaintiff's "[a]lignment remains satisfactory with hardware in place since prior exam. Odontoid remains remains intact." (*Id.*)

On January 14, 2020, Plaintiff was seen onsite by NP Oyuki Coronado to follow-up on Plaintiff's December 23, 2019 blood test that showed non-detectable levels of Tramadol. (*Id.* at 12, 43.) Plaintiff reported that he had been taking his Tramadol and was "unsure why the non[-]detectable level came up." (*Id.*) Plaintiff also reported that he was "feeling well today" and the Tramadol had been helping his pain. (*Id.*) Plaintiff stated that he would like to keep taking Tramadol if possible. (*Id.*) NP Coronado educated Plaintiff on medication compliance and made a note to speak to the medical director in order to clarify the results of Plaintiff's blood test. (*Id.* at 14.) Plaintiff's medications were not changed at this time. (*Id.*)

A January 24, 2020 medical record indicates that Plaintiff was returned to the prison after an offsite appointment at AZ-Tech Radiology where he had a cervical and thoracic spine MRI taken. (Doc. 66-1 at 2.) The medical record also indicates that Plaintiff has a prescription for Tramadol that is valid until February 29, 2020. (*Id.*)

On February 7, 2020, NP Coronado reviewed the results of Plaintiff's thoracic spine MRI and noted that Plaintiff was assessed with multi-level thoracic spondylosis, multi-level Schmorl nodes[2] involving the mid and lower thoracic vertebrae, and several bulging discs. (Doc. 66-2 at 33.) NP Coronado also reviewed the results of Plaintiff's cervical spine MRI and noted that Plaintiff was assessed with "loss of the normal lordotic curvature of the cervical spine," cervical fusion of C5 and C6, disc herniation at C3-C4, severe asymmetric left-sided spinal canal stenosis bulging disc at C6-C7. (*Id.* at 34.) NP Coronado noted that she would submit the results of both MRIs "to RubiconMD for further recommendations." (*Id.* at 33–34.)[3]

---

[2] "Schmorl nodes, also referred [to] as intravertebral disc herniations, refer to protrusions of the cartilage of the intervertebral disc through the vertebral body endplate and into the adjacent vertebra." *See* "Schmorl nodes," *Radiopaedia*, https://radiopaedia.org/articles/schmorl-nodes-1?lang=us (last visited Feb. 27, 2020).

[3] RubiconMD is a web-based e-consult service that allows primary care providers to consult on cases with specialists through an online platform. *See* www.rubiconmd.com

Plaintiff's Medication Administration Record indicates that between December 4, 2019 and February 9, 2020, Plaintiff received daily doses of Tramadol. (*Id.* at 51–52.)

**IV.     Discussion**

In his Motion for Preliminary Injunction, Plaintiff asks the Court to issue an injunction ordering Defendant Shinn "to immediately institute a policy and/or issue a demand/directive to Centurion, to treat Plaintiff[']s chronic pain as a serious medical need[.]" (Doc. 4 at 1.)

As to the first *Winter* factor, the Court finds that Plaintiff fails to show a likelihood of success on the merits. To establish a likelihood of success on the merits of an Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The prisoner must show: (1) that his condition constitutes a "serious medical need"; and (2) that the defendant's current response to that need is deliberately indifferent. *Jett*, 439 F.3d at 1096.

There is sufficient evidence to show that Plaintiff's chronic pain constitutes a serious medical need, including Plaintiff being sent to offsite consultations, undergoing diagnostic testing including an MRI and x-ray, and being prescribed pain medications.

The subjective prong of the deliberate indifference analysis is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Jett*, 439 F.3d at 1096. The available record shows that Plaintiff was prescribed and has been receiving Tramadol to treat his pain. Plaintiff reported that Tramadol is helping his pain. Further, Plaintiff recently was sent offsite for thoracic and cervical MRIs, and the results recently were reviewed by NP Coronado and are being forwarded for further recommendations. These facts do not suggest that the current treatment of Plaintiff's chronic pain amounts to deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (where a plaintiff seeks injunctive relief, the deliberate indifference determination is based on the defendant's current conduct).

---

(last visited Feb. 27, 2020).

Likewise, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief because the record shows that he currently is receiving treatment for his chronic pain.

Because Plaintiff fails to produce evidence to show a likelihood of success on the merits or that he faces a likelihood of irreparable harm, the Court will deny the Motion for Preliminary Injunction and will not address any of the other *Winter* factors. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (because the plaintiffs failed to show they are likely to suffer irreparable harm in the absence of preliminary relief, the court need not address the remaining elements of the preliminary injunction standard).

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 4), and the Motion is **denied**.

Dated this 4th day of March, 2020.

David G. Campbell
Senior United States District Judge