SH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Sterling Mason, | No.   CV 19-04987-PHX-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Nathan Sterling Mason, who is currently confined in Arizona State Prison Complex (ASPC)-Lewis, Buckley Unit in Buckeye, Arizona, brought this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court is Plaintiff's "Motion to Dismiss Certain Defendants/Motion to Reconsider Doc. 113."  (Doc. 114.)

**I.      Background**

Upon screening Plaintiff's First Amended Complaint (Doc. 19) under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims: (1) an Eighth Amendment medical care claim against former Arizona Department of Corrections (ADC) Director Charles Ryan in his individual capacity in Count One; (2) an Eighth Amendment official capacity medical care claim in Count One against current ADC Director David Shinn; (3) an Eighth Amendment medical care claim in Count Four against Nurse Practitioner Ende in his individual capacity; (4) First Amendment retaliation claims in Count Three against Special Security Unit Officer Taylor, Lieutenant Randall Lowe, Corrections Officer (CO) III Jaymond Williams, Deputy Warden Ronald Abbl, CO II

1    Evans, CO II Kila, and CO II Vargas; and (5) a First Amendment retaliation claim and an

2    Eighth Amendment excessive force claim against CO II Hernandez in Count Three.

3    (Doc. 28.)  The Court ordered these Defendants to answer the respective claims against

4    them and dismissed the remaining claims and Defendants.  (*Id.*)

5         On February 5, 2020, service was returned unexecuted for Defendants Vargas and

6    Hernandez.  (Docs. 47–48.)  The Court ordered Defendants to file the last known addresses

7    of Defendants Hernandez and Vargas under seal, and Defendants responded that they were

8    unable to identify which correctional officers "Hernandez" and "Vargas" Plaintiff was

9    referring to in his complaint because there were many correctional officers employed by

10   the Arizona Department of Corrections with those surnames.  (Docs. 96, 102.)  Defendants

11   were therefore unable to provide the Court or Plaintiff with the current work locations or

12   last known home addresses of Defendants Vargas and Hernandez.  (Doc. 102.)  On May 13,

13   2020, the Court dismissed Defendants Vargas and Hernandez for failure to timely serve

14   and failure to prosecute.  (Doc. 113.)

15   **II.     Plaintiff's Motion**

16           **A.     Voluntary Dismissal of Defendants**

17           In his Motion, Plaintiff states that he moves to voluntarily dismiss Defendants

18   Evans, Kila and Williams from the action.  (Doc. 114.)  Federal Rule of Civil Procedure

19   41(a)(2) provides that after a defendant has answered the complaint, "an action may be

20   dismissed at the plaintiff's request only by court order, on terms that the court considers

21   proper."  Fed. R. Civ. P. 41(a)(2).  "A district court should grant a motion for voluntary

22   dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain

23   legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  Unless

24   otherwise ordered, dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(2).  Here,

25   Defendants have not objected to Plaintiff's request to dismiss Defendants Evans, Kila, and

26   Williams, and they present no argument that prejudice will result if this portion of

27   Plaintiff's Motion is granted.  The Court therefore will grant Plaintiff's request and dismiss

28   Defendants Evans, Kila, and Williams without prejudice.

**B.     Reconsideration of May 13, 2020 Order**

Plaintiff asks the Court to reconsider its Order dismissing Defendant Hernandez. (Doc. 114.)  Plaintiff states that he "received Hernandez's name less than 1 week prior to the Court's sua sponte dismissal" and that he "planned to submit the summons on 5/14/2020" which would have been his first opportunity to do so after identifying Defendant Hernandez.  (*Id.*)

In his First Amended Complaint, Plaintiff alleges that he was assaulted by CO G. Hernandez on September 7, 2019.  (Doc. 19 at 12.)  On May 8, 2020, Defendants filed a supplemental notice indicating that there was a CO Guillermo Hernandez assigned to the Buckley Unit on that day, and Defendants provided the physical address for the Buckley Unit.  (Doc. 112.)  The Court dismissed Defendant Hernandez just a few days after Defendants filed their supplement notice and before Plaintiff had an opportunity to serve Defendant Hernandez at the address provided by Defendants.  The Court finds that reconsideration is warranted and will reinstate Hernandez as a Defendant and give Plaintiff 60 days to execute service on Defendant Hernandez.  Failure to serve Defendant Hernandez within this time may result in his dismissal from the action.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Plaintiff's "Motion to Dismiss Certain Defendants/Motion to Reconsider Doc. 113" (Doc. 114), and the Motion is **granted**.

(2)     Defendants Evans, Kila, and Williams are **dismissed without prejudice** pursuant to Federal Rule of Civil Procedure 41(a)(2).

(3)     The portion of the Court's May 13, 2020 Order (Doc. 113) in which the Court dismissed Defendant Hernandez is **vacated**.

(4)     The Clerk of Court must **reinstate** Hernandez as a Defendant and provide Plaintiff with a **service packet** as to Defendant Hernandez.

(5)     Plaintiff must complete and return the service packet to the Clerk of the Court as to Defendant Hernandez **within twenty-one (21) days** from the date this Order is filed.

1     (6)     The time for completing service on Defendant Hernandez shall be extended

2   **sixty (60) days** from the date this Order is filed.  Failure to serve Defendant Hernandez

3   within this time may result in his dismissal.

4         Dated this 2nd day of June, 2020.

5

6   *David G. Campbell*
    _____

7                   David G. Campbell
8              Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28